**LANAK & HANNA, P.C.**
**MICHAEL K. MURRAY (265785)**
mkmurray@lanak-hanna.com
625 The City Drive South, Suite 190
Orange, California 92868
Telephone:  (714) 550-0418
Facsimile: (714) 703-1610

**YOUNG BASILE HANLON & MACFARLANE, P.C.**
**JEFFREY D. WILSON (PRO HAC VICE)**
wilson@youngbasile.com
**GEORGE S. FISH (PRO HAC VICE)**
fish@youngbasile.com
**RYAN T. MCCLEARY (PRO HAC VICE)**
mccleary@youngbasile.com
3001 W. Big Beaver Rd., Ste. 624
Troy, Michigan 48084
Telephone: (248) 649-3333
Facsimile: (248) 649-3338

Attorneys for Plaintiff
The Sherwin-Williams Company,
d/b/a Sherwin-Williams Automotive Finishes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, d/b/a SHERWIN-WILLIAMS AUTOMOTIVE FINISHES,<br><br>        Plaintiff,<br><br>    vs.<br>AUTO COLLISION INCORPORATED, d/b/a SNYDER'S AUTO BODY AND JON ZYLA,<br><br>        Defendants. | Case No.: 8:15-cv-00867-DOC-DFMx<br><br>**PROTECTIVE ORDER** |

Protective Order

1.   **Restrictions on Disclosure of Information Designated Confidential.** Until further Order of this Court, no document, or copy thereof (or any contents, portions, summaries, digests, compilations or extracts thereof), produced pursuant to FRCP 26, in response to FRCP 33 Interrogatories, FRCP 34 Requests For Production, or by any non-party in response to a party subpoena, which is designated "Confidential," shall be disclosed in any way, directly or indirectly, in any form, to anyone other than in connection with this case, and then only to the following persons:

 a. the Court and its staff assigned to this case;

 b. the parties (whether or not dismissed at any time);

 c. outside counsel of record in this case and their respective shareholders, partners, associates, legal assistants, and staff employees who are involved in this case;

 d. general counsel for any of the parties and their respective associates, legal assistants, any staff employees who are involved in this case;

 e. officers, directors, employees,  accountants  and agents of the parties, or affiliated companies, who are assisting or dealing with counsel of record or general counsel;

 f. independent experts, investigators, consultants, and the like, retained by any party in connection with this litigation;

 g. witnesses disclosed and persons to be deposed by any party but only to the extent necessary to prepare such person for their respective and expected testimony and/or cross examination in discovery and/or at trial; or

 h. persons deemed by counsel of record, whether or not a party, witness or deponent, necessary to effectively represent their respective client(s) in this litigation.

2.   **Scope of Protective Order.** This Protective Order:

a.   shall only apply to those specific documents that are designated as Confidential or Highly Confidential/Attorneys' Eyes Only as set forth herein;

b.   shall apply to documents obtained by the parties or their respective counsel from non-parties via subpoena; and

c.   shall not apply to documents obtained by the parties or their respective counsel from sources independent of and not otherwise affiliated with any of the parties to this case.

3.   **Notice of Protective Order.** Any person who is permitted by counsel to view and/or retain a copy of any document covered by this Protective Order shall be provided with a copy of this Protective Order and shall, by receiving a copy of same and viewing and/or retaining such document, agrees to be bound by the terms hereof and shall acknowledge the same in writing.

4.   **Designation as Highly Confidential/Attorneys' Eyes Only**.  In addition to the protections afforded Confidential Information or Material under this Order, a producing party may designate any Confidential Information or Material which it further reasonably believes constitutes a trade secret or other highly confidential research, development, or commercial information, the disclosure of which to the other party or public would cause the producing party competitive harm, as "Highly Confidential/Attorneys' Eyes Only" by visibly designating such documents or by otherwise so designating sections of deposition transcripts or answers to interrogatories that contain such "Highly Confidential/Attorneys' Eyes Only."  Materials designated as "Highly Confidential/Attorney's Eyes Only" may be disclosed only to counsel and general counsel for the parties (including staff as described in paragraph 1 (c) and (d)), and experts as defined in paragraph 1(f) who have signed the Confidentiality Undertaking of paragraph 10.  Any further disclosure of such information to others shall occur only by agreement of the parties in writing or court order.

Protective Order

5.    **Voluminous Documents.** In the case of voluminous documents, the producing parties may designate documents as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" by identifying ranges of numbered documents that are either "Confidential" or "Highly Confidential/Attorneys' Eyes Only".

6.    **Conclusion of Litigation.** At the conclusion and final disposition of this litigation, either party shall have the right to request in writing that all such documents covered by this Protective Order either be returned to that party who shall have produced the same or destroyed provided such written request shall be made within forty-five (45) days following such conclusion and final disposition; otherwise, the right to a return or destruction of such document shall be deemed waived.

7.    **Order of Exclusion.** At any time, any party may apply to this Court for an Order excluding specific documents from the protection of this Order.

8.    **Non-Waiver of Privileges.** Notwithstanding any other provision in this order to the contrary, the inadvertent or unintentional disclosure by any party of Confidential information or information subject to the attorney client privilege, work product privilege or any other privilege or protection provided by law, either by way of document production or deposition testimony or exhibit thereto, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party' claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  Upon notice of any inadvertent or unintentional disclosure, the receiving party shall return said documents and things and all copies immediately, and shall not use any privileged documents or information in connection with this litigation. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Protective Order

9. **Violation of Order.** Any violation of this Order, whether or not intentional or otherwise, by anyone having knowledge thereof, may subject that person or entity to imposition of an appropriate sanction, in the discretion of the Court, as within or authorized by any statute, rule, or inherent power of the Court, or as otherwise provided by law.

10. **Undertaking.** All persons specified in paragraph 1(f) through (h) to whom disclosure of Confidential Information or Highly Confidential/Attorneys' Eyes Only material is made shall be given a copy of this Protective Order and shall sign the Undertaking Regarding Confidentiality form attached hereto as <u>Exhibit 1</u> indicating that they have read this Protective Order and agree to be bound by its terms.

11. **Disclosure of Confidential Material at Deposition.** During any deposition in which Confidential or Highly Confidential/Attorney's Eyes Only Information is discussed, counsel attending the deposition must make a good-faith effort to designate, on the record, the portions of the transcript that will contain Confidential or Highly Confidential/Attorney's Eyes Only Information.   The portions of any deposition transcript that counsel for any party has designated on the record at the deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY," and any such information marked as a deposition exhibit shall be treated as Confidential or Highly Confidential/Attorney's Eyes Only information and placed in a separately bound volume.   For deposition testimony not designated on the record during the deposition, portions of the transcript may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" if, within fourteen (14) days of the transcript's delivery to the Parties' counsel of record, counsel designates in writing, by page, any portion of the transcript as Confidential or Highly Confidential/Attorney's Eyes Only Information.  **In the time after the deposition but before the expiration of this fourteen (14) day period, the entirety of all deposition transcripts must be treated as if they contained Highly Confidential/Attorney's Eyes Only Information.**

12.    **Exclusion of Persons from Deposition.** If any Confidential or Highly Confidential/Attorney's Eyes Only Information or Material is summarized, discussed or quoted at any deposition, all persons other than those to whom disclosure is permitted hereunder may be excluded from such portion of the deposition at the request of the Producing Party.

13.    **Privilege Logs.** No party shall be obligated to log privileged or otherwise protected communications received after the filing date of the Complaint in this action.

14.    **Filing Under Seal.** This Order does not authorize the filing of any documents under seal.  Documents may be sealed only if authorized by statute, rule, or order of the Court.

It is so ordered this  16th day of December, 2015.

_____

Douglas F. McCormick
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

Protective Order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

THE SHERWIN-WILLIAMS
COMPANY, d/b/a SHERWIN-
WILLIAMS AUTOMOTIVE FINISHES,

        Plaintiff,

      vs.

AUTO COLLISION INCORPORATED,
d/b/a SNYDER'S AUTO BODY AND
JON ZYLA,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 8:15-cv-00867-DOC-DFM

**UNDERTAKING REGARDING
CONFIDENTIALITY**

The undersigned individual hereby certifies that he/she has read the foregoing Protective Order, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential Information or Highly Confidential/Attorney's Eyes Only in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Protective Order shall be actionable by any aggrieved party to the Action that is the subject of the foregoing Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Protective Order and/or relief, including damages, for its breach.

Promptly upon termination of this action, I will return all Confidential Information or Highly Confidential/Attorney's Eyes Only which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party supplying such Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date: _____      Name: _____

Protective Order